IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 26-mj-539 |
| | : | |
| GREGORY WIERZBICKI, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF RELEASE**

Defendant, Gregory Wierzbicki, by and through Undersigned counsel, David L. Pugh, Assistant Federal Public Defender, hereby provides this letter to the Court in support of his release.

Mr. Wierzbicki should be released under conditions. Mr. Wierzbicki comes before this Court as a 60-year-old who has lived nearly his entire life within the state of Delaware. His prior criminal history consists of one offense, which occurred more than 20 years ago. Mr. Wierzbicki had a consistent work history until he became disabled in the early 2000's because of an on-the-job injury. Additionally, Mr. Wierzbicki has a readily available person who can serve as custodian. It is also noteworthy that Mr. Wierzbicki has multiple letters of support attesting to his character. Exhibit I.

The Court should also be aware that Mr. Wierzbicki has several serious health issues, some of which require medication. His ailments include diabetes, hypertension, several fused vertebrae in his spine (as a result of an injury that occurred late in his career as a plumber) and Chronic Obstructive Pulmonary Disease (COPD).

For the reasons stated below, Mr. Wierzbicki is not part of "the carefully limited exception" whom the Supreme Court of the United States has said may be detained prior to trial. *United States v. Salerno*, 481 U.S. 739, 755 (1987).

In support of this motion, Undersigned counsel submits the following.

## I. Client History

Mr. Wierzbicki is a resident of Delaware with many local ties to friends and family. Included within this group are his sister Rita Wierzbicki and his two uncles Stanley Wierzbicki and Vincent Wierzbicki. Additionally, Mr. Wierzbicki has numerous close friends (*see* Exhibit I) and his son who reside in the area.

Mr. Wierzbicki was a career plumber until becoming disabled. In the early 2000s Mr. Wierzbicki began receiving Social Security disability. Since then, he has occasionally worked part time. Most recently he worked as a crossing guard.

Mr. Wierzbicki does have a single prior conviction. A third-degree burglary that resulted from a theft of prescription medication from a friend's home. An offense that is a class F felony. Exhibit II. However, the Court should not just be aware of the offense, but also Mr. Wierzbicki' s conduct afterwards. When Mr. Wierzbicki's friend

reported the incident, police called Mr. Wierzbicki about it. Mr. Wierzbicki made a full confession and was apologetic. Mr. Wierzbicki subsequently pleaded guilty and was sentenced to probation with substance misuse treatment.[1] The probation sentence was terminated early due to Mr. Wierzbicki's successful treatment and overall good conduct.

## II. Legal Standard

Title 18 U.S.C. § 3142 provides that a person shall be released unless the government has demonstrated by clear and convincing evidence that there are no conditions that may be imposed to reasonably ensure the safety of the community or unless the government has demonstrated by a preponderance that there are no conditions of release that can reasonably ensure a person will not flee. *See United States v. Salerno*, 481 U.S. 739, 751, 107 S. Ct. 2095, 2103, 95 L. Ed. 2d 697 (1987) and *United States v. Ailon-Ailon*, 875 F.3d 1334, 1337 (10th Cir. 2017). In the instant case there is no "rebuttable presumption". § 3142(e)(2). Rather, the burden here falls entirely on the government to demonstrate that Mr. Wierzbicki cannot be released. § 3142(a). This is a significant burden for the government, in that it must prove that

[1] At the time of this incident, Mr. Wierzbicki suffered from substance misuse. An illness that arose from the opioid prescription that he was prescribed to address the back injury that resulted in his disability. Mr. Wierzbicki's story is not unique. *See* Kellie Schmitt, *A Brief History of Opioids in the U.S.*, Hopkins Bloomberg Public Health (November 8, 2023) https://magazine.publichealth.jhu.edu/2023/brief-history-opioids-us (last visited October 18, 2026).

there are no conditions of release that can protect the safety of the public by a clear and convincing standard. *Salerno*, 481 U.S. at 751, 107 S. Ct. at 2103.[2]

**III. Argument**

The government must not only show that Mr. Wierzbicki is a danger, but also that the dangerousness cannot be sufficiently mitigated through conditions. As a result, even if the government is able to demonstrate that Mr. Wierzbicki represents a danger, the Court must find that there is no condition or combination of conditions that will give "reasonable assurance" of the safety of others and the community to deny his release. *See U.S. v. Orta* 760 F.2d 887, 890-891 (8th Cir. 1985) (en banc).[3]

The clear and convincing standard that must be met under the dangerous prong of the detention evaluation rubric "imposes a heavy burden of proof upon the Government." *United States v. Jones*, 614 F. Supp. 96, 98 (E.D. Pa. 1985), aff'd, 841 F.2d 1120 (3d Cir. 1988). This is a burden that the government cannot meet. There can be no dispute that Mr. Wierzbicki has lived a non-violent life for his 60-year existence. There is nothing in Mr. Wierzbicki's past acts that would give rise to the belief that he is a danger. This sentiment is shared by those who know him personally. Exhibit I.

---

[2] The government has not alleged that Mr. Wierzbicki is a flight risk.

[3] The Court need not be certain of the effectiveness of the conditions, rather, that the conditions will merely provide a reasonable assurance of the public's safety. § 3142(c)(1)(B).

The instant charge is also insufficient to establish grounds that Mr. Wierzbicki should be detained. The United States Court of Appeals for the Ninth Circuit has determined "that the weight of the evidence is the least important of the various factors" that is to be considered to determine if detention is appropriate. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). The Court goes on to explain that § 3142(g) "neither requires nor permits a pretrial determination that the person is guilty." *Id*. The "weight of evidence" may only be considered as one of the factors in determining "the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id*. While the Ninth Circuit decision explains the minimal weight that this Court should give the possibility of conviction when contemplating if Mr. Wierzbicki should be released, the Court should also note that the offense charged in the instant case is nonviolent. While firearms certainly pose a risk of danger if misused, their possession, even if unlawful, is not in and of itself a harmful act. Indeed, an individual must choose to do a violent act with a firearm (whether unlawfully possessed or not) to threaten the safety of the public (in the manner contemplated by the Bail Reform Act). This is a choice Mr. Wierzbicki has not ever made in his 60 years of life.

Because the government cannot show Mr. Wierzbicki to be a danger based off his prior conduct or with respect to his charged offense, it may focus on his alleged ancillary conduct, namely online posts.

Any consideration of this argument should begin with noting that the posts cited by the government in the complaint do not call for violence. D.I. 1. The author also does not express any imminent intent to engage in violence personally. *Id*.[4]

The Court should also consider the environment in which these comments were made. The present culture of public discourse is one in which comments such as those identified by the government are commonplace. *See* Exhibit III. Peter Wehner, *Now They're Calling for Violence*, The Atlantic (August 11, 2002) (last visited October 18, 2026). The individuals who have been charged with leading this country, indeed with leading the Department of Justice, have used language that is on par with what is contained within the complaint. In fact, the Executive branch is quite familiar with inflammatory language. Exhibit IV.[5] Isabel Fattal and Stephanie Bai, *A Brief History of Trump's Violent Remarks*, The Atlantic (October 31, 2024) (last visited October 18, 2026).

The Court should also consider the fact that the government alleges Mr. Wierzbicki made inflammatory statements going back to April of 2025, however,

---

4 The Court should also note that the "private message[s]" referenced in the complaint are pulled out of context and therefore cannot be appropriately evaluated. D.I. 1 at 9-10. Because of that, the Court should give them no weight.

5 Some of the comments quoted in the article were uttered by President Trump to an armed crowd prior to the July 6, 2021, incident that many consider an insurrection. Exhibit IV at 10 – 12. These comments did not lead to a prosecution.

there is no evidence in the year and a half since that Mr. Wierzbicki attempted or intended to engage in any violent act. Similarly, there is no evidence that he sought violent acts from others.

The Court should also weigh in its decision the fact that Mr. Wierzbicki was not under Court supervision during the time when the government alleges he violated the law. It is not insignificant that during the only time Mr. Wierzbicki was ever under court supervision, he not only was compliant, but his supervision was also terminated early because of his exceptional performance. There is no evidence in the instant case that Mr. Wierzbicki would be noncompliant if the Court imposed release conditions to address government concerns.[6]

Given Mr. Wierzbicki's history of law-abiding conduct generally and his conduct when under court supervision in particular, this Court can be reasonably assured that he will not be a danger to others when released. However, Undersigned counsel is proposing the following conditions to alleviate any concerns the Court may have:

(1) Daily curfew;

(2) Seek employment;

---

[6] The firearms referenced in the complaint are in the custody of the government.

(3) Electronic monitoring;

(4) Restrict internet access;

(5) Meet with pretrial services as directed;

(6) Designate Rita Wierzbicki as third-party custodian.

Undersigned counsel submits that imposing the above conditions, along with the standard conditions and any others deemed appropriate by the Court, will provide an additional layer of assurance to allay any concerns the Court may have regarding Mr. Wierzbicki's release.

Mr. Wierzbicki's minimal criminal record is not in dispute, nor is the fact that his conduct when he was under court supervision was without issue. Finally, there is no evidence that Mr. Wierzbicki intended any criminal acts. In the instant case, there is an insufficient record for the Court to find that there are no conditions that will allow for Mr. Wierzbicki's release.

For the previously stated reasons, and any other reasons the Court should find, Mr. Wierzbicki respectfully requests to be released with the conditions stated above.

Respectfully submitted,

ELENI KOUSOULIS
Federal Public Defender

Dated: October 19, 2026

By: /s/ David L. Pugh
David L. Pugh, Esquire
Assistant Federal Public Defender

Office of the Federal Public Defender
800 King Street, Suite 200
Wilmington, DE 19801
302-573-6010
de ecf@fd.org

Attorneys for Gregory Wierzbicki