**U.S. Department of Justice**
*United States Attorney's Office*
*District of Delaware*

*Hercules Building*
*1313 North Market Street*
*P.O. Box 2046*
*Wilmington, Delaware 19801*

October 19, 2026

**BY CM/ECF**

Honorable Christopher J. Burke
Magistrate Judge
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

**Re: *United States v. Gregory Wierzbicki,* Criminal Action No. 1:26-mj-00539-UNA, October 19, 2026 Detention Hearing**

Dear Judge Burke:

Defendant, Gregory Wierzbicki, is scheduled for an October 19, 2026 detention hearing before Your Honor. After appearing for an initial appearance, the government moved to detain Defendant, arguing he was a danger to the community. *See* D.I. 2. The government files this letter in support of that request.

A defendant must be detained pending trial if the government proves by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e)(1), (f)(2). Four factors guide the Court's detention determination: (1) the history and characteristics of the defendant; (2) the nature and circumstances of the offense charged; (3) the weight of the evidence against the defendant; and (4) the nature and seriousness of the danger to any other person or the community should the defendant be released. *Id.* § 3142(g).

Here, the government submits all four factors dovetail and establish that Wierzbicki is a danger to the community based on his repeated calls for violence toward federal officials, coupled with his access to firearms. For more than a year,

Wierzbicki, via various social medias, advocated for violence against public officials, including Supreme Court Justices and ICE agents. D.I. 1, Criminal Complaint at ¶ 14-29. For example, Wierzbicki discussed surveilling the Supreme Court Justices to learn their "routes" to give them a "little scare," recommended that federal officials should be killed using a "guillotine," and encouraged the formation of an armed militia to "assault" law enforcement and "finish" their ongoing "civil war." *Id.* at ¶14-21. Finally, Wierzbicki described ICE agents as "fascists," who "will continue [to] get worse if we don't start killing them." *Id.* at ¶ 19.

These were not empty boasts. Routinely, Wierzbicki stated that he possessed multiple firearms ("*I've got 2 semi automatic. 222s & one 3" magnum shotgun", Id.* at ¶ 25); that he wanted to use them ("*I know U know we're getting 2 that point where I'm absolutely wanted 2 load my Guns & go fill bore @ them", Id.* at ¶ 26); and intended to use them for violence against federal officials (*"Head shots with a long rifle", Id.* at ¶ 24). Then, on October 14, 2026, the FBI recovered three firearms from his residence, including two .22-caliber rifles and a 12-gauge shotgun. *Id.* at 30. Wierzbicki then confessed to possessing those same firearms. *Id.* at 31.

Put another way, Wierzbicki's repeated statements about possessing weapons were corroborated by physical evidence, making the weight of the evidence strong. And here, Wierzbicki was not simply discussing violence. He possessed the means to carry it out, despite his prior felony conviction and knowing prohibition of firearm possession. Simply put, the nature and circumstances show that Wierzbicki, a felon, possessed and admitted to possessing firearms all while routinely advocating for violence against federal officials.

Moreover, Wierzbicki has a history of violence, stemming from a burglary that the defense seemingly downplays. See D.I. 7, pages 2-3. In 2006, Wierzbicki broke into the home of another to steal controlled substances. See Pre-trial Services Report, pp. 4-5. Wierzbicki, equipped with a hammer, broke the sliding glass door, entered the home, and stole more than 200 OxyContin pills. *Id.* Importantly, Wierzbicki was not successfully discharged from probation. Rather, as outlined in the Pre-trial Services Report, Wierzbicki was "[d]ischarged from probation as unimproved." *Id.* Therefore, the § 3142(g) factors weigh heavily in favor of detention and he should be detained.

Based on the present record, the government submits that the combination of Wierzbicki's repeated statements advocating violence, his specific references to public officials, and his actual possession of multiple firearms establishes by clear and

convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. The government therefore respectfully requests that the Court order Wierzbicki detained pending trial.

Respectfully submitted,

Benjamin L. Wallace
United States Attorney

By: *<u>/s/ Kevin P. Pierce</u>*
Kevin P. Pierce
Assistant United States Attorney